MILTON PARKER, *et ux.,* v. TOWN OE CALLAHAN.

H. H. CARTER, *et ux.,* v. TOWN OF CALLAHAN.

W. J. PICKETT, *et ux.,* v. TOWN OF CALLAHAN.

CITY MORTGAGE & BOND CO., *et al.,* v. TOWN OF CALLAHAN.

156 So. 334.

Division A.

Davis, C. J.—These four cases were suits in equity brought by the municipality of Callahan to foreclose certain tax liens inuring to the town for unpaid municipal taxes. The procedure followed was authorized by Section 36 of Chapter 6333, Acts of 1911, as amended by Section 4 of Chapter 9694, Acts of 1923, which provides for the foreclosure of unpaid taxes due the town, and the recovery of attendant penalties in the form of attorney's fees.

By Chapter 13945, Special Acts of 1929, Laws of Florida, the assessment rolls and tax levies of the Town of Callahan for the years 1922 to 1298, both inclusive, were validated and confirmed. The bill of complaint in these cases merely undertook to set up the right to foreclose certain liens for unpaid taxes alleged to have been levied during the period from 1922 to 1923, *supra,* without further particularization. The court below held the bills good and granted foreclosure decrees. From such decrees the defendants below have appealed.

The title of Chapter 13945, Acts of 1929, is as follows:

"An Act for the Validation of Assessment Rolls, and Tax Levies, and Collection of Taxes Thereunder of the Town of Callahan, Nassau County, Florida, for the Years 1922, 1923, 1924, 1925, 1926, 1927 and 1928, and to Legalize and Confirm Collection of Taxes Heretofore Made."

Section 2 of said Chapter 13945 is as follows:

"That the collection of all taxes under and by virtue of said assessments and levies of and for the years 1922, 1923, 1924, 1925, 1926, 1927 and 1928 of the Town of Callahan,

Florida, shall be enforced as provided in Chapter 6333, Laws of Florida, 1911, as amended by Chapter 9694, Laws of Florida, 1923, and said taxes, together with interest and costs of collection, including a reasonable attorney's fee, shall constitute lien without limitation, on the property to which it attaches, both real and personal."

As will be observed from a casual reading of Section 2 of the Act in relation to the title, the substance of Section 2 is not a part of the subject of the Act as expressed in its title, nor can it properly be considered as matter properly connected with the limited subject matter, namely: the validation of certain assessment rolls and tax levies and the past collection of taxes that had been made thereunder. Therefore, under Section 16 of Article III of the Constitution of this State the substance of Section 2 must be eliminated as being beyond the scope of the subject expressed in the title to Chapter 13945, nor is it a matter properly connected with the limited and restrictive subject expressed so as to uphold it, though not expressed.

Section 36 of Chapter 6333, Acts of 1911, as amended, affords a sufficient statutory basis for maintenance of foreclosure proceedings to judicially enforce the town's liens for the taxes involved in this suit, without regard to Section 2 of Chapter 13945, Acts of 1929, which Section 2, as has been pointed out, must be regarded as eliminated. But the present suits, according to our construction of the framing of the bills of complaint, were filed seeking the foreclosure of the taxes involved upon the basis of the force and effect of the 1929 validating Act, and not upon the basis the original assessments and levies, which may have been open to defenses based upon those irregularities the 1929 Act was passed to obviate.

The 1929 validating Act does not purport, with Section 2

eliminated, to validate and make regular those already accrued penalties that could have been exacted in these suits if they had been prosecuted under Section 36 of Chapter 6333, Acts of 1911, as amended, without reference to the effect of the 1929 validating Act, if indeed the Legislature is vested with power to validate penalties retroactively. (See Forbes Pioneer Boat Line v. Board of Com'rs of Everglades Drainage Dist., 258 U. S. 338, 42 Sup. Ct. Rep. 325, 66 L. Ed. 647). Hence, insofar as enforcement in the present suits of the taxes *as validated* is concerned, the amounts for which liens exist and are enforceable, are the accrued amounts of the validated taxes only as shown upon the validated tax assessment rolls, since the 1929 statute purports to validate and make collectable nothing more than this, with Section 2 eliminated as not embraced within the constitutional scope of the Act's title.

The decrees appealed from should therefore be reversed and the causes remanded to the Circuit Court with directions to enter a decree for complainant not inconsistent with this opinion. Nothing in this opinion is to be construed as holding that, in foreclosure proceedings duly instituted without reference to, and not in reliance upon, the legal effect of Chapter 13945, Acts of 1929, the provisions of Section 36 of Chapter 6333, Acts of 1911, as amended by Chapter 9694, Acts of 1923, are to be disregarded as to recoverable costs and attorney's fees, if claimed, that question being neither involved nor decided one way or the other in these cases.

Reversed with directions.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

## On Petition for Rehearing.

Per Curiam.—On petition for rehearing, it is urged that petitioner was not advised of the oral argument in these causes as it had a right to expect, that all four cases were treated together on the theory that they were alike and involved similar questions when, as a matter of fact, they were different and involved different questions, that the constitutional questions argued in two of the cases were raised for the first time in this Court and that petitioner felt so sure of an affirmance, no briefs were filed.

. On a reexamination of the records and briefs after argument we have reached the conclusion that our former opinion herein should be reaffirmed. True, there are some minor distinctions in the cases but the ultimate questions on which all turn are not materially different. In H. H. Carter and Rena Carter v. Town of Callahan, and Milton and Sybil Parker v. Town of Callahan, the questions raised are in substantial accord. Pickett v. Town of Callahan, and City Mortgage & Bond Company, et al., v. Town of Callahan are different in some aspects from the Carter and Parker cases but turn on virtually the same questions as the former cases.

In addition to what we said in our former opinion on the main question, it is not out of place here to answer the question raised in Pickett v. Town of Callahan and City Mortgage & Bond Company v. Town of Callahan as to whether or not in a bill to foreclose a tax lien, it is necessary for a municipality to allege with certainty the ordinance and laws under which the tax was levied and the lien accrued and under what law the municipality was created.

Our answer to this question is that we have such a variety of statutes and ordinances affecting their powers, good pleading requires that when a municipality brings a suit to

foreclose a tax lien, it should be set out with certainty the law defining its power to tax. Such a procedure would be of material aid to the court and with the volume of legislation now on the books affecting municipalities a court would never be sure that the question in litigation was finally adjudicated unless this was done.

It was also contended that the constitutional validity of the Acts brought in question were challenged for the first time in this Court. Even if this contention is accurate, it is not reversible. A fundamental constitutional error may be raised at any time.

Reaffirmed on rehearing.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., absent and not participating.