MARY P. FINLAYSON, *et vir,* v. TOWN OF MONTICELLO.

198 So. 577
En Banc
Opinion Filed October 11, 1940
On Rehearing November 12, 1940

*D. A. Finlayson* and *Davis, Davis & McClure,* for Petitioners;

*LeRoy Collins, Guyte P. McCord, Jr.,* and *Frank C. Pelot,* for Respondent.

PER CURIAM.—In a suit to enforce street paving liens, plaintiff made the following motion:

"Comes now the plaintiff in the above stated and entitled cause, City of Monticello, a municipal corporation, by its undersigned attorneys, and moves the court for a decree on bill and answer on the ground that the answer is insufficient as a defense."

The court made the following order on the motion.

"This cause came day to be heard on the motion of the plaintiff for a decree on bill and answer, and the same having been argued by counsel for the plaintiff and defendants, and the court being advised in the premises, it is

"ORDERED AND DECREED that the said motion be, and the same is hereby, granted.

"IT IS FURTHER ORDERED AND DECREED that J. H. Patterson, Jr., Esquire, a practicing attorney of the second judicial circuit of Florida, be, and he is hereby, appointed as a special master in this cause, with directions to take testimony and evidence on the question of the amount of a reasonable solicitor's fee for the services of the solicitor for the plaintiff in this cause. The said special master shall give not less than five (5) days' written notice to the solicitors of record for the plaintiff and the defendants of the time and place he shall take such evidence, and after the same has been taken, he shall have such evidence transcribed and submit the same to this Court.

"IT IS FURTHER ORDERED AND DECREED that the entering of the final decree, pursuant to the granting of said motion for decree on bill and answer, be deferred until after the said report of the special master has been filed."

A petition was filed by defendants below praying for an interlocutory certiorari, under Supreme Court Rule 34, to review the merits of the foreclosure proceedings.

Plaintiff filed a confession of error in the order relating to attorney fees.

A final decree has not been *entered* on the merits of the cause. The order granting motion for *hearing* on bill and answer is not shown to be erroneous. Therefore the petition for interlocutory certiorari is denied.

It is so ordered.

TERRELL, C. J., WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

JUSTICE BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON REHEARING

PER CURIAM.—Plaintiff below filed a motion "for a decree on bill and answer on the ground that the answer is insufficient as a defense," under Section 40 of the 1931 Chancery Act which is as follows:

"The plaintiff may, within ten days after the filing of the answer, or within such further time as the court may allow, move for a decree on bill and answer, and if the motion be overruled the plaintiff shall have the right to proceed to trial, notwithstanding the motion or order thereon; and, if the answer be found insufficient as a defense, but amendable, the court may permit it to be amended on such terms and conditions as may be equitable."

The chancellor granted the motion, ordered testimony to be taken as to a reasonable solicitor's fee for the plaintiff's solicitor in the cause, and ordered that: "the entering of the final decree pursuant to the granting of said motion for decree on bill and answer be deferred until after the said report has been filed."

Defendants applied for an interlocutory writ of certiorari under Rule 34, to review the order made on the motion for a decree on bill and answer.

Plaintiff filed a confession of error as to the portion of the order directing testimony to be taken on the claim for attorney fees. This operates as a withdrawal or abandonment of the features of the bill of complaint respecting such attorney fees, which may not be further considered, even though interlocutory certiorari be denied.

This Court has only appellate jurisdiction in chancery causes. The order made by the chancellor granted the motion "for a decree on bill and answer on the ground that the answer is insufficient as a defense"; but if the chancellor determined what decree he would render, no such decree was entered to make it a subject of appellate review.

An order granting a motion "for a decree on bill and answer on the ground that the answer is insufficient as a defense," is not such "a decree on bill and answer" as is contemplated by the statute above quoted.

The chancellor who made the order has since died; and as the plaintiff has in effect abandoned the allegations of the bill of complaint relative to attorney fees, the cause now stands to be heard, considered and adjudicated by another chancellor in due course.

Rehearing denied, and the cause remanded.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Chief Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.