**TOWN OF MONTICELLO, a municipal corporation under the laws of the State of Florida, v. MARY P. FINLAYSON and D. A. FINLAYSON, her husband.** ·

23 So. (2nd) 843          June Term, 1945
November 16, 1945          Division B
Rehearing denied December 17, 1945

*Ausley, Collins & Truett,* for appellant.

*D. A. Finlayson, Davis, Davis & McClure* and *Chas. E. Davis,* for appellees.

BROWN, J.:

Appellant contends that the decree appealed from should be reversed because it is contrary to the opinion and judgment of this Court on the prior appeal (154 Fla. 274, 17 So. (2nd) 84) in that said decree failed to allow any interest on the assessments against the property of appellees.

The main question presented on this appeal is the contention of appellees that the decree appealed from should be affirmed because the provision of Chapter 9298, Laws of 1923, authorizing interest on assessments against property benefitted by municipal improvements is not within the title of the statute.

The last time this case was before this court, prior to the present appeal, it was on an appeal taken by the Town of Monticello, plaintiff in the court below, from a final decree, on pleadings and proof, dismissing the bill of complaint. Said final decree sustained defendants' first exception to the Master's report, which exception was in substance that the evidence had failed to prove the allegations of the bill to the effect that the Town had acted pursuant to Chapter 9298, Laws of Florida, 1923, with reference to the determination of benefits and the assessments therefor against defendants' property, but on the contrary that the evidence showed that the defendants' property was not benefitted and that the Town's action was not in accord with the applicable requirements of said statute in various respects pointed out, and that the assessments made by it were, in toto, a nullity. As above stated, the chancellor in his final decree sustained this first exception to the Master's report, and dismissed the bill on

that ground without ruling upon the other exceptions, among which were the 11th and 12th exceptions.

This 11th exception attacked the finding of the Master that there was due on the several liens $1,541.30 of principal and interest thereon in the amount of $2,087.98, on the ground that such conclusion was based on evidence that should have been ruled out on defendants' objection, "and for the further reason that interest on the assessments is not chargeable against the property under the controlling statute." The 12th exception was to the finding by the Master as to the total amount due, and raised the same grounds. The chancellor did not rule upon either of these exceptions, nor did either of them clearly raise the constitutional question contended for by appellees on this appeal.

This final decree in favor of Mrs. Finlayson and her husband was appealed to this Court by the Town of Monticello, and this Court reversed the decree, "with directions to enter one for the appellant for the amounts which can easily be calculated from the evidence and the Master's report." See Monticello v. Finlayson, 153 Fla. 274, 17 So. (2nd) 84. The Master's report showed the amount of each assessment together with the accrued interest thereon. In the opinion on that appeal it was said that every material allegation of the bill was proven, and that the only appropriate decree would have been one for the plaintiff. The case was remanded to the Circuit Court and thereafter the learned chancellor set aside his former decree and rendered one in favor of the Town for a total sum representing the principal amount found to be due on each of the assessment liens, but, contrary to the Master's report, omitted the allowance of any interest thereon. Appellees paid the amount so found to be due. From this decree the Town of Monticello has taken this appeal.

Our former opinion, impliedly at least, approved the Master's report, by saying that the chancellor should render a decree in favor of the appellant "for the amounts which can easily be calculated from the Master's report." Said report allowed interest on the unpaid assessments. The appellant's bill sought to enforce liens upon the property of appellees for the amounts remaining unpaid on the several assessments,

together with interest thereon. The question of the legal right of the town to collect interest on the assessments was not expressly raised in the pleadings, nor in the briefs and oral arguments submitted on the prior appeal. Appellees contend that it was not incumbent upon them to raise it at that time, as the decree then appealed from was entirely in their favor, and held that they did not owe the town of Monticello anything at all, but that now the decree here appealed from allows the principal sum due on the unpaid assessments, without making any allowances whatever for interest, and that it is perfectly appropriate for them to uphold said decree, in so far as it is in their favor, if they can; and so they contend that they are justified in raising the constitutional question above referred to. The appellant, just as plausibly, contends that the entire law of the case, including the allowance of interest, was necessarily settled by the language of the court's opinion as reported in 154 Fla. 274, 17 So. (2nd) 84.

Be that as it may, this court has held that a fundamental error, based on the unconstitutionality of a statute, can be raised for the first time in the Supreme Court. Parker v. Town of Callahan, 115 Fla. 266, 156 So. 334.

The act, in sections 9 and 10, clearly provides that the assessments for street and sidewalk improvements shall bear interest at eight per cent per annum, and that they may be made payable in ten equal annual installments, with accrued interest on all deferred payments, unless paid within thirty days after said assessments shall stand approved and confirmed.

Appellees contend that the provision for interest on the unpaid assessments is not within the scope of the title to the act. The title of said chapter 9298, omitting the erroneous repetition of one line, a manifestly harmless typographical error, reads as follows:

"An act providing a supplemental, additional and alternative method of making local improvements in cities, towns and municipal corporations, and authorizing and providing for special assessments for the cost thereof, and authorizing the issuance and sale of bonds of such municipalities in connec-

tion with said local improvements, said bonds to be general obligations of the municipalities."

This chapter 9298 appears to have been incorporated in the Compiled General Laws of 1927, sections 3022-3042, and in Florida Statutes 1941, sections 170.01-170.21, but such incorporation in the Compiled General Laws of 1927 which was a mere compilation, would not have cured any constitutional defect in the title of the act, or rendered it innocuous. The effect of the incorporation of this statute in the Fla. Statutes, 1941, in that regard, would have been different, (State v. Lee, 22 So. (2nd) 804) but it is not necessary for us here to consider that question as these assessments were made and this suit filed to enforce them some time before the *revision* of our statutes, *adopted* by the legislature in 1941, became effective. So, in the instant case, we need only to look to the original act and its title.

Ever since Walters v. City of Tampa, 88 Fla. 177, 101 So. 227, and Atlantic C. L. R. Co. v. Lakeland, 94 Fla. 347, 115 So. 669, there have been numerous attacks on constitutional and other grounds, upon this statute, or its applicability, but the particular attack now made here, as to the provision for interest, is new, in so far as our reported cases show; nor does it appear that the question was raised by appellees when they appealed from the order denying their motion to dismiss the bill filed by the town of Monticello (See 137 Fla. 697, 189 So. 21), but they did later take issue on the allegations of the bill. And appellees also claim that they raised this question in the certiorari proceedings. See 144 Fla. 724, 198 So. 577. This may be true, but it was not mentioned in the case as reported, as the case went off on another point. We will take counsels' word for that, as they are honorable and eminent members of the bar of this Court.

While we have recognized, in the case of Baker v. Town of Dunnellon, 117 Fla. 324, 158 So. 105, that interest could be collected or assessments made under this statute, the opinion in that case dealt with the reduction of excessive interest erroneously allowed by the decree appealed from due to a factual error; no constitutional question having been raised.

Counsel for the respective parties agreed that the reduction should be made.

Appellees cite the case of Webb v. Scott, 129 Fla. 111, 176 So. 442. That case dealt with two special statutes relating to assessments for the paving of public highways. It was held in that case that attorney's fees are recoverable only when provided for by contract or by statute, and that such fees were not recoverable in that case because, though provided for in the body of the act, chapter 10145, no reference to that provision was made in the title of the act. The writer dissented on the ground that in his opinion both the act referred to, and the validating act, chapter 12208, were unconstitutional for reasons not pertinent on this appeal. The validating act, 12,208, as stated in the majority opinion, contained no reference to attorney's fees. This case might be considered as authority for holding that the provision in chapter 9298 for the recovery of solicitor's fees was invalid, but we think there is a dictinction between requiring the payment of interest on the unpaid principal of assessments and the recovery of attorney's fees by a municipality where suit is resorted to.

The appellant town, as respondent in the certiorari to review an order of the chancellor on motion for decree on bill and answer, in which order the chancellor provided that testimony be taken on the question of a reasonable attorney's fee for the town's attorney, confessed error as to that part of the order relating to attorney's fees. This was done most probably on account of the holding in Webb v. Scott, supra. See Finlayson v. Monticello, 144 Fla. 724, 198 So. 577.

It is true, as appellees state, that interest is no part of the assessment, and the generally accepted view, with which we are in accord, is that a special assessment for benefits bears no interest or penalty for nonpayment unless the law so provides; although there are some decisions holding that where a municipality's claim for street grading and paving is due on demand, it bears interest from the date of the demand. 25 R.C.L. 185; 48 Am. Jur., 763; 44 C.J. 795. But in the last cited authority it is said that provisions for interest on special assessments are "frequently made by charter or statute,"

and that they are upheld as valid and constitutional, but that they are not retroactive.

Indeed, this matter of providing by statute for interest on unpaid assessments for street improvements was not something so unusual in this state at the time chapter 9298 was enacted in 1923. Such a provision was contained in chapter 3164, adopted as far back as 1879, the title of which was: "An act relating to Betterments and Sanitary Improvements;" also in chapter 9175, Laws of 1923. In neither of the titles to these acts was this matter of interest mentioned. The substance of these acts was contained in the Revised General Statutes of 1920, sections 1858 and 1863, and in Comp. Gen. Laws of 1927, sections 2968, 2973.

Sections 16 of Article III of our Constitution provides that "Each law enacted in the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title."

This apparently simple constitutional provision has been construed and applied by this court in a vast number of cases. In order to avoid any possible departure from this constitutional mandate, on the ground that some section of a statute is not indicated or covered by the title, there has been a tendency on the part of legislators in recent years to state the general subject of an act in the first clause or two of the title and then go on and practically add to or include in the subject an index of the contents of the act. This court has frequently held that to be entirely unnecessary. The Constitution only requires the *subject* to be stated in the title, and that such subject be "briefly expressed" therein. The numerous cases decided by this court show that a title to an act which states in brief and general terms the real subject of the act, without any attempt to index the contents of it, is more apt to result in the upholding of the act as a whole than where long titles are resorted to—provided of course that the various provisions of the act are properly connected with and germane to the subject stated in the title. Sometimes titles are so long that it is difficult for this court to spell out from the title what is the real subject of the act. And quite frequently an effort to index the act in the title results in what

is called a "restrictive title," which restricts the scope of the act to the matters expressly mentioned, on the theory that the title indicated that legislature did not intend to deal with any other matters, and that to hold otherwise would make the title misleading to the members of the legislature and to the public.

While this section of the Constitution is mandatory, and is to be strictly construed with reference to the mischiefs intended to be arrested, and it is the duty of the courts to declare enactments void that clearly do not comply with its requirements, the courts should refuse to declare any act of the legislature void, as violative of this section, except in clear cases free from every reasonable doubt. Obviously this provision of the constitution forbids the legislature to embrace in one act two or more unconnected subjects but the amplification of the title to an act so as to make it expressly mention matters germane to and properly connected with its general subject does not vitiate such title or subject it to the criticism of expressing more than one subject. State v. Bryan, 50 Fla. 293, 39 So. 929; Ex Parte Pricha, 70 Fla. 265, 70 So. 406.

The title of an act need not embrace every detail of legislation contained in it in order to meet the requirements of said constitutional provision, as all that the Constitution requires is that the subjects embraced in the act shall be fairly and naturally germane to the subject recited in the title. The courts should not resort to critical construction of the titles of acts so as to exclude parts of the acts as being in violation of the constitutional requirements. City of Jacksonville v. Basnett, 20 Fla. 525; Florida E.C.R. Co. v. Hazel, 43 Fla. 263, 31 So. 272; State v. Bryan, supra.

The title to the act here in question, which has been quoted above, not only authorizes and provides for special assessments by municipalities for the making of local improvements, for the cost thereof, but it also authorizes the issuance and sale of bonds in connection with said local improvements. We know that municipal bonds always bear interest, and therefore the provision in the act that the special assessments should also bear interest is germane to the subject of the act

as expressed in the title. As already pointed out, we already had laws which had been on the books for some years, providing for the payment of interest on assessments for municipal improvements, and as this statute, and its title, provided for the issuance of bonds in connection with the improvements, we seriously doubt if any member of the legislature or the general public was taken by surprise by this provision in the body of the act for the payment of interest on unpaid assessments for such improvements.

It has also been argued in this case that neither taxes nor assessments bore interest at common law, and that any departure from the common law rule should have been clearly indicated by express words in the title. As to this, we might observe that our legislature had already departed from the common law in that regard; and furthermore, most of our statutes either deal with matters which were not dealt with by the common law at all, or have the effect of abrogating or modifying the common law, and to require every act which modifies or abrogates the common law in any respect to indicate in its title the particular matter which changes the common law, regardless of how germane such matter was to the general subject of the act, would, in our opinion, be going too far.

Our conclusion therefore is that the provision in chapter 9298 with regard to interest on unpaid assessments for improvements made under the authority of that act is germane to the subject expressed in the title of the act, and that the court below erred in not embracing in the decree any recovery therefor.

As above stated, we think that our former opinion and decision as reported in 154 Fla. 274, 17 So. 84, impliedly held that this interest was recoverable by the plaintiff, but in view of the fact that the constitutional question raised on this appeal was not raised on the former appeal, we have felt it proper to deal with it on the present appeal.

Some other questions are raised and discussed by counsel for the respective parties in this case, but we deem the question above discussed to be the only one which requires any consideration on this appeal.

The final decree appealed from is therefore reversed with directions to enter a decree in favor of the plaintiff below consistent with the foregoing opinion.

Reversed and remanded.

CHAPMAN, C. J., THOMAS and SEBRING, JJ., concur.