121 So.2d 644 (1960)
In re ESTATE of Anna Z. KIONKA, Deceased.
Margaret Ann HEBBARD, Appellant,
v.
Walter R. ZIEGLER, Executor of the Last Will and Testament of Anna Z. Kionka, Robert E. Trapp, Lloyd F. Kruckemyer, and Albert H.D. Besalski, As President, Secretary and Pastor, Respectively, of the Congregation of Trinity Evangelical Lutheran Church of Orlando, Florida, Appellees.
Supreme Court of Florida.
June 22, 1960.
Robert J. Bishop of Bishop & Bornstein, Orlando, for appellants.
Stephen R. Magyar, Orlando, for Walter R. Ziegler, Executor.
Sanders, McEwan, Schwarz & Mims, Orlando, for Robert E. Trapp, Lloyd F. Kruckemyer and Albert H.D. Besalski, as President, Secretary and Pastor, respectively of Congregation of Trinity Evangelical Lutheran Church of Orlando, Florida, appellees.
PER CURIAM.
Affirmed.
THOMAS, C.J., TERRELL, HOBSON, ROBERTS and DREW, JJ., and SMITH, Circuit Judge, concur.
O'CONNELL, J., concurs specially.
O'CONNELL, Justice (concurring specially).
I concur in the judgment of affirmance; however, because of the jurisdictional question involved I wish to express the reasoning which leads me to the conclusion that we have jurisdiction and therefore can affirm the decision involved.
This is an appeal from that decision of the District Court of Appeal, Second District, reported in 113 So.2d 603. The facts of this cause are fully set forth in the case as reported. The opinion determined that certain property owned by Anna Z. Kionka at the time of her death was not homestead property under § 1, Art. X, Fla. Const., F.S.A., and therefore could be devised by will.
The first question to be determined is whether we have jurisdiction to entertain this cause as an appeal from the decision of the district court.
The jurisdiction of this Court to hear appeals from decisions of the district courts is defined in Section 4(2), Article V, Florida Constitution, and reads:
"* * * Appeals from district courts of appeal may be taken to the supreme court, as a matter of right, only from decisions initially passing upon the validity of a state statute or a federal statute or treaty, or initially *645 construing a controlling provision of the Florida or federal constitution. * * *" (Emphasis added.)
Appellant contends that the district court in its decision "initially" construed Section 1, Article X, Florida Constitution, in that the district court's decision was the first construction of that constitutional provision by that district court and that the holding or construction was "the first of its kind on the subject involved."
Appellees on the other hand contend that the district court did not, in its opinion and decision, make any new construction of "head of a family," but merely applied the constitutional provision, as construed by previous decisions of this court, to the facts in this case.
The jurisdiction of the supreme court to hear appeals from trial courts is defined in the first sentence of Section 4(2), Article V, which in part reads as follows:
"(2) Jurisdiction. Appeals from trial courts may be taken directly to the supreme court, as a matter of right, * * * from final judgments or decrees directly passing upon the validity of a state statute or a federal statute or treaty, or construing a controlling provision of the Florida or federal constitution, * * *." (Emphasis added.)
When this last quoted portion of Section 4(2) is read in conjunction with that part of Section 4(2), first above quoted, which deals with the jurisdiction of the supreme court to entertain appeals from the district courts, it becomes apparent that it was intended that the supreme court would have jurisdiction to hear and finally determine appeals from all final judgments, decrees, and decisions of all courts, whether trial or appellate, in those instances in which the order, judgment, or decision appealed from passed upon the validity of a statute or construed a controlling provision of the constitution. The parties to this cause do not contend otherwise.
Further, while the constitutional provisions do not say so in so many words, I think it equally clear that the jurisdiction of the supreme court to entertain appeals from final judgments and decrees determining the validity of statutes and construing provisions of the constitution is exclusive and is not shared either with the district courts of appeal or the circuit courts. The appellate jurisdiction of the circuit courts is defined in Section 6(3), Article V, Florida Constitution.
The use of the word "may" in the first sentence of Section 4(2) at first glance might seem to indicate that a litigant would have a choice in the court to which he would take his appeals from such judgments and decrees of trial courts. However, when the first sentence of Section 4(2) is read together with the first sentence of Section 5(3), which sentence defines the appellate jurisdiction of the district courts of appeal, it is clear that the word "may" is intended to be permissive only in the sense that a litigant may or may not, at his election, take an appeal. If he does appeal from such a final judgment or decree the word "may" is mandatory in that it means that the appeal must be taken to the supreme court of this state.
Any construction other than the foregoing would mean that a litigant appealing from such a final judgment or decree of a trial court could elect to take his appeal to a district court, or possibly to a circuit court, rather than to the supreme court. This would defeat the intended plan under which the supreme court was to be the final arbiter of the validity of statutes and constructions placed on provisions of our constitutions, unless a further appeal were allowed to the supreme court. If sanctioned, this would allow two appeals in the same cause on the question of the validity of a statute or construction of a constitutional provision. This was not intended and must not be permitted.
My conclusion then is that the supreme court has exclusive jurisdiction of appeals *646 from trial courts of all final judgments and decrees directly passing upon the validity of statutes or construing controlling provisions of our constitutions. This means that the district courts of appeal and the circuit courts are without jurisdiction to entertain appeals from such judgments or decrees, and if by mistake or error an appeal from such a judgment or decree be filed in a circuit court or district court of appeal, the cause should be transferred to the supreme court.
The foregoing analysis of our jurisdiction of appeals from trial courts is necessary in order to determine the proper construction to be placed upon that provision of Section 4(2) which relates to the jurisdiction of the supreme court in appeals from the district courts of appeal.
I come now to a construction of that part of Section 4(2) fixing the jurisdiction of this court in appeals from the district courts.
As pointed out in my treatment of our jurisdiction of appeals from trial courts, the supreme court has exclusive jurisdiction of appeals from final judgments and decrees of trial courts directly passing upon the validity of statutes or construing controlling provisions of our constitutions.
It follows then that the only occasions in which a district court will have the opportunity to properly determine the validity of a statute or construe a controlling provision of our constitution will be those in which such a question has not been previously decided in the case, and therefore each such decision of the district court on the statutory or constitutional question will always be initial.
At first glance there would seem to be little opportunity for the district courts to determine the validity of statutes or construe the constitution for the first time in a cause, but study of the matter reveals at least three circumstances in which it might be called upon to do so.
The first circumstance is quite obvious. The district courts of appeal are vested with original jurisdiction in habeas corpus, mandamus, prohibition, and quo warranto proceedings. In the exercise of this original jurisdiction a district court may well be called upon to pass upon the validity of a statute or construe a provision of the constitution. And an appeal would properly lie from such decision to this court.
The second circumstance which could occur would be one in which a litigant in the trial court raises the validity of a statute or urges a particular construction of a constitutional provision which controls the decision in the cause, but the trial court does not in its final judgment or decree directly pass upon the validity of the statute, or undertake to set forth a construction of the constitutional provision. The judgment or decree is appealed to a district court of appeal, which court concludes that it is necessary to a decision in the cause to determine the validity of the statute or construe the constitutional provision. It is not unusual that a trial court will decide a case on a theory which in the view of the trial judge makes it unnecessary to pass upon the validity of a statute, or that the trial judge will by a mental process construe and apply a constitutional provision without setting forth such construction in his judgment or decree, only to have an appellate court determine that it is necessary to decide the validity of the statute, or to construe the constitutional provision. This will happen most frequently in those cases where the appellate court reverses the trial court and is required to assign its reasons therefor. In such cases the appellate court could no doubt remand the cause to the trial court for a written construction of the constitutional provision or determination of the validity of the statute, but it need not do so and could decide the question without remand. If it does the latter an appeal would lie to this court.
I think the case now before us falls into the category delineated and discussed in the foregoing paragraph.
*647 The third circumstance involves the power of an appellate court to consider fundamental error when raised for the first time on appeal. This court has recognized that such may be done. Love v. Hannah, Fla. 1954, 72 So.2d 39; Clark v. Osceola Clay & Top Soil Co., Fla. 1958, 99 So.2d 869; and F.A.R. 3.7(i), 31 F.S.A., support this doctrine. This court has specifically considered the validity of a statute although such question was not raised in the trial court which rendered the judgment under review. Parker v. Town of Callahan, 1934, 115 Fla. 266, 156 So. 334; Town of Monticello v. Finlayson, 1945, 156 Fla. 568, 23 So.2d 843. If in such a case the district court passes upon the validity of a statute for the first time in that cause, an appeal would lie from the district court to this court.
While there may be other situations in which a district court might properly pass upon the validity of a statute or construe a controlling provision of our constitutions, I am unable now to foresee them.
In each of the instances in which I would hold that a district court of appeal may properly determine the validity of a statute or construe a provision of the constitution, it is apparent that the district court's decision would be the initial or first written adjudication of the validity of the statute or meaning of the constitutional provision in the history of the specific case in which the district court's decision was rendered.
Thus it appears that the word "initially" does not have any special significance, and in fact could be considered to be surplusage, since as I have construed the various other provisions of Article V, Florida Constitution any such decision by a district court will always be the initial, or first, written judicial determination of the validity of a statute or construction of a constitutional provision made in the history of that specific case. As I construe the word "initially", as used in the subject provision of Article V, that is what it means and all that it means. I think it was placed in the constitution as a safeguard for the sole purpose of guaranteeing that a litigant would not be able to obtain two appeals on the same questions, one in the district court and then another in the supreme court. My holding herein that the supreme court has exclusive jurisdiction in appeals from final judgments and decrees, passing directly on the validity of statutes and construing controlling provisions of our constitution, effectively accomplishes the same safeguard.
I have considered appellant's contention that the word "initially" should be construed to mean that the district court's decision was the first, or initial, construction by that court of the subject constitutional provision, or that it is a decision of first impression in the appellate jurisprudence of this state.
I do not think that the word was intended to so limit the right of appeal to decisions which are of first impression, either in a specific court or in the appellate courts of this state, but was intended as I have explained above to prevent an appellant from obtaining two appeals on the same questions.
I come as last to the question of whether, in the instant case, the district court of appeal in its decision initially construed a controlling provision of our state constitution. I have concluded that it did for the reasons set forth below.
A reading of the order of the county judge, which was appealed to the district court of appeal, clearly indicates that he merely applied the constitutional provision, Section 1, Article X, Florida Constitution, as he viewed it. The order consists only of a statement of facts and a conclusion that Mrs. Kionka was the head of a family and that certain real property described therein was the homestead property of Mrs. Kionka. Nowhere in the order is Section 1, Article X, Florida Constitution mentioned. The county judge did not in his written order discuss the constitutional provision nor set forth his interpretation or construction of it.
*648 Unquestionably, the county judge must have mentally considered and construed the meaning of the provision else he could not have determined that in his view Mrs. Kionka was the head of a family and that the subject real property was her homestead, but he did not set forth in his order, in written words, the mental processes which he followed in reaching the decision in his order. If an order or judgment is to be held to be one which construes a constitutional provision the words which constitute the construction must be written into the order.
As we said in Armstrong v. City of Tampa, Fla. 1958, 106 So.2d 407, 409, if an order or judgment is to amount to a construction of a controlling provision of the constitution the order or judgment must by its terms "undertake to explain, define or otherwise eliminate existing doubts arising from the language or terms of the constitutional provision." This was not done in the order of the county judge which was under review in the district court of appeal. I conclude then that the order of the county judge was not one construing "a controlling provision of the Florida * * * constitution."
Had the order of the county judge construed the constitutional provision then the appeal therefrom would have had to be taken to this court, not to the district court.
Having determined that the county judge did not construe the subject constitutional provision in his order, the next question is whether the district court did so. If it did so it is obvious that it is the initial construction of the provision in this cause.
While it is true that the district court in its decision relied upon and quoted previous decisions of this court, I cannot agree with appellees in their contention that the district court did not construe, but merely applied, the subject constitutional provision. A reading of the district court's opinion makes it apparent that that court did "undertake to explain, define, or otherwise eliminate existing doubts" surrounding the words "head of a family" as those words are used in § 1, Art. X, Florida Constitution.
It follows then that we do have jurisdiction of this appeal.
The route I have followed to determine the jurisdiction of this Court has been a lengthy but necessary one.
The construction I have placed upon the phrase construing "a controlling provision of the Florida or federal constitution" may seem to be restricted and inflexible. I think it should be so construed. This Court can do no greater service to the bench and bar than to make clear and certain what our jurisdiction is and how it can be determined in advance in cases such as this. If we do not do so uncertainty and waste is the result.
I have carefully considered the merits of this case and conclude that the construction placed upon the term "head of a family" is § 1, Art. X, Fla. Const., F.S.A. in the subject opinion of the district court is a correct one and that the opinion and decision should be affirmed.