PEARSON, Judge.
The Public Defender for the Eleventh Judicial Circuit of Florida has brought to this court an appeal for Michael Gorchov who was involuntarily hospitalized by the circuit court pursuant to Fla.Stat. § 394.-467. There is no claim that appellant Gor-chov is not mentally ill. The claim is that the trial court proceeded illegally (1) because section 394.467 (2) is unconstitutionally vague and overly broad, and (2) because the judge erred in admitting into evidence over objection a psychiatrist’s evaluation of Gorchov’s mental condition when the evaluation was made in part from controlled interrogation and observations and the subject was unable to understand the Miranda warnings given.
The constitutional challenge to the statute was not made in the trial court. Nevertheless, we are called upon to consider the question under the rule laid down in Town of Monticello v. Finlayson, 156 Fla. 568, 23 So.2d 843 (1945). Appellant urges that the criteria provided in § 394.467(1) is so vague as to be incapable of certain interpretation. See State v. Barquet, Fla. 1972, 262 So.2d 431; cf. Connally v. General Construction Company, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). The subsection is as follows:
“(1) Criteria.—A person may be involuntarily hospitalized if he is mentally ill and because of his illness is:
“(a) Likely to injure himself or others if allowed to remain at liberty, or
“(b) In need of care or treatment and lacks sufficient capacity to make a responsible application on his own behalf.”
The findings of the trial judge are explicit: “The patient, if not hospitalized, (is) . . . likely to injure (himself) or . . . others if allowed to remain at liberty.”
We find nothing vague about a statute that authorizes the confinement of a person who is so ill that he is likely to injure himself or others. Here, the record amply supports the finding of the trial judge. The appellant has attacked, and put in fear of their lives, his mother, father and a brother. Cf. Bell v. Wayne County General Hospital at Eloise, 384 F.Supp. 1085 (E.D.Mich.1974); State ex rel. Hawks v. Lazaro, W.Va.1974, 202 S.E.2d 109; and In Re Williams, La.App.1974, 297 So.2d 458.
The argument that the statute is overly broad because it does not provide some lesser relief for the situation other than confinement is an argument for legislative improvement of the act and is not a basis for striking down a statute that is presently essential to the protection of the life and the welfare of the community. The argument is not applicable to the facts presented by this appeal. Therefore, the record does not show a fundamental error in the adjudication of the appellant. Cf. Lynch v. Baxley, 386 F.Supp, 378 (M.D.Ala.1974).
Appellant’s second point is also without merit. Gorchov was not in the custody of the police when he was examined. He was not accused of' a crime. Miranda is inapplicable. See Lynch v. Baxley, supra, where it is pointed out that the privilege against self-incrimination protects only those disclosures which the subject may reasonably believe could be used in a criminal prosecution or which could lead to other evidence that might be so used.
Affirmed.