396 So.2d 179 (1981)
CITY OF PENSACOLA, Appellant,
v.
Robert SHEVIN, Etc. et al., Appellees.
No. 57030.
Supreme Court of Florida.
March 19, 1981.
John P. Kuder, Asst. City Atty., Pensacola, for appellant.
Louis K. Rosenbloum of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, Pensacola, for appellees.
BOYD, Justice.
This cause is before the Court on appeal from a judgment of the circuit court in Escambia County, upholding the constitutionality of chapter 76-468, Laws of Florida. We have jurisdiction under article V prior to its recent amendment. Art. V, § 3(b)(1), Fla. Const.
Chapter 76-468 is a broad-ranging amendment of chapter 63-1775, Laws of Florida, a special law which created a civil service system for the City of Pensacola. It appears that various officials of the City and its civil service board suggested the legislation, and as House Bill 3930 it had a somewhat detailed title. As passed by the *180 legislature, however, the act contained provisions not suggested by the local officials, and not specifically referred to in the title of the act. The City of Pensacola then brought this declaratory judgment action against the attorney general and the members of the General Pension Board of the City of Pensacola, testing the constitutionality of the act under article III, section 6, Florida Constitution.
The title of chapter 76-468 begins, "An Act relating to the Pensacola Civil Service System; amending chapter 63-1775, Laws of Florida, as amended, ... ." Then the title proceeds to briefly describe the object of each section of the act except for two new paragraphs, section 29(A)(4) and (5), which pertain to the pension rights of city employees discharged for cause.
Article III, section 6, Florida Constitution, provides in part: "Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title." The City contends that paragraphs (4) and (5) of section 29(A) are unrelated to the subject of the act and thus constitute improper secondary subject matter and that, as a further deficiency, the title contains no expression of the subject of the two paragraphs.
The argument that the pension rights of City employees discharged by the Civil Service Board do not come within or properly connect with the subject of the act need not detain us long. We hold that the act embraces one subject only and that the disputed paragraphs are included in that subject or are properly connected with it.
In order to comply with the requirement that the subject of a law be briefly expressed in the title, the title need not be an index of all the features of the legislation. A general statement of the subject is all that is required; indeed, a brief, general statement is preferred over a detailed listing. Town of Monticello v. Finlayson, 156 Fla. 568, 23 So.2d 843 (1945). The title of chapter 76-468 might be said to go into unnecessary detail, as measured by the constitutional requirement, regarding most of the act's provisions. The fact that a somewhat detailed listing in a title is not complete, however, is of no consequence if the disputed sections relate to the general subject and the subject is expressed in the title. See, e.g., Spooner v. Askew, 345 So.2d 1055 (Fla. 1977); King Kole, Inc. v. Bryant, 178 So.2d 2 (Fla. 1965).
We hold that chapter 76-468 amending chapter 63-1775, is not unconstitutional by reason of any failure to comply with article III, section 6. The judgment is affirmed.
It is so ordered.
ADKINS, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
SUNDBERG, C.J., dissents with an opinion.
SUNDBERG, Chief Justice, dissenting.
The reasons occasioning my dissent are best expressed by the heretofore unchallenged words of this Court in Town of Monticello v. Finlayson, 156 Fla. 568, 575-76, 23 So.2d 843, 847 (1945):
[Q]uite frequently an effort to index the act in the title results in what is called a "restrictive title," which restricts the scope of the act to the matters expressly mentioned, on the theory that the title indicated that [the] legislature did not intend to deal with any other matters, and that to hold otherwise would make the title misleading to the members of the legislature and to the public.
I have no quarrel with the majority's statement that article III, section 6 does not require that a title contain a detailed explanation of every provision in the act. Purk v. Federal Press Co., 387 So.2d 354 (Fla. 1980). But when the legislature undertakes to set out in minute detail the provisions of an act in its title, our Florida Constitution mandates that it do so completely. No great intellectual prowess is required to discern that a specific and particularized title to an act leads one reasonably to assume that the title includes every detail of the act. In light of the fact that the object of the title requirement is to prevent surprise or fraud, I submit that the inclusion of most *181 but not every detail of an act in its title is as pernicious and violative of article III, section 6 as is the inclusion of too few particulars in the title. To my mind, overtitling is just as deceiving as undertitling.
The title of the special act before us is a quintessential example of legislative overtitling. It lists every provision of the act, including the specific time periods and qualifications of each provision, except for two important sections relating to the loss of vested pension rights. As prophesied in Town of Monticello v. Finlayson, the seemingly comprehensive nature of the title lulls one into the mistaken belief that the act is restricted to those matters specifically indexed in the title. Rather than causing one to inquire into the body of the statute, the title to this act "mislead[s] a person ... as to the scope of the enactment." Williams v. State, 370 So.2d 1143, 1144 (Fla. 1979). Accord, Messer v. Jackson, 126 Fla. 678, 171 So. 660 (1936).
Because I see no reason to ignore the teachings of Town of Monticello v. Finlayson, and because the overtitling found in this case breathes life into the evils article III, section 6, was designed to prevent, I respectfully dissent.