600 So.2d 516 (1992)
Tyrone M. CLAYBOURNE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1472.
District Court of Appeal of Florida, First District.
June 11, 1992.
Nancy A. Daniels, Public Defender, and Abel Gomez, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
Appealing from his habitual felony offender sentences, Claybourne relies upon our holding in Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), that Chapter 89-280, Laws of Florida, by which the habitual felony offender statute was amended, violates the single subject rule of the Florida Constitution. Because the prosecution failed to prove that Claybourne qualified for sentencing under the previous version of the statute, section 775.084, Florida Statutes (Supp. 1988), Claybourne argues that his sentences should be reversed and the cause remanded for resentencing. The state's only response is that Claybourne is precluded from raising this argument because he neglected to raise it before the trial court. We reverse Claybourne's habitual felony offender sentences, remand the cause to the trial court for resentencing, and certify a question to the supreme court.
*517 Because the state does not question Claybourne's contention that Johnson would entitle him to the relief he requests, we discuss only the state's argument that the single subject challenge to Chapter 89-280 cannot be raised for the first time on appeal. Article III, section 6 of the Florida Constitution provides in part, "Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title." An almost identical provision appeared in Article III, section 16, of the 1885 Constitution. It has long been recognized that a facial invalidity challenge to an act of the legislature based upon violation of the foregoing provision can be raised for the first time on appeal, so long as the challenged act affects a central issue in the litigation. See Parker v. Town of Callahan, 115 Fla. 266, 156 So. 334 (Fla. 1934) (a challenge under the foregoing provision is an assertion of fundamental constitutional error and may be raised at any time); Town of Monticello v. Finlayson, 156 Fla. 568, 23 So.2d 843 (Fla. 1945) (same); and Sanford v. Rubin, 237 So.2d 134 (Fla. 1970) (disallowing a challenge raised for the first time on appeal, because the challenged act related only to whether attorney's fees would be awardable to the prevailing party in a lawsuit). Because Claybourne was sentenced under the habitual felony offender statute, the statute affected a critical, central issue in the litigation; i.e., Claybourne's term of imprisonment. Accordingly, he was entitled to raise the issue for the first time on appeal.
As we did in Johnson, we certify the following question to the supreme court as a question of great public importance:
WHETHER THE CHAPTER 89-280 AMENDMENTS TO SECTION 775.084, FLORIDA STATUTES (SUPP. 1988), WERE UNCONSTITUTIONAL PRIOR TO THEIR RE-ENACTMENT AS PART OF THE FLORIDA STATUTES, BECAUSE IN VIOLATION OF THE SINGLE SUBJECT RULE OF THE FLORIDA CONSTITUTION.
Claybourne's habitual felony offender sentences are reversed, and the cause is remanded to the trial court for resentencing.
SHIVERS and MINER, JJ., concur.