601 So.2d 644 (1992)
Eric A. RANDALL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1369.
District Court of Appeal of Florida, First District.
July 29, 1992.
Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant raises a number of issues on appeal, only one of which has merit. The appellant raises the question of whether chapter 89-280, Laws of Florida, which amended section 775.084, the habitual felony offender provision, violates the one-subject rule of the Florida Constitution. The offense which was utilized to qualify appellant as a habitual violent felony offender, aggravated battery, was included in the statute as an offense which may be utilized in determining habitual offender status by *645 chapter 89-280, Laws of Florida. The instant offense was committed within the time period between October 1, 1989, the effective date of the 1989 amendments to the habitual offender statute, and the reenactment of the statute, May 2, 1991. In Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), this court held that section 775.084 as amended by 89-280, Laws of Florida, violated the single-subject rule; therefore, a sentence as a habitual offender based upon the 1989 amendments for a crime which was committed within the period of October 1, 1989, to May 2, 1991, is illegal.
The state argues that the issue was not properly preserved for appeal. This argument was rejected in Claybourne v. State, 600 So.2d 516 (Fla. 1st DCA 1992). Based upon the holding in Claybourne, supra, the appellant's habitual violent felony offender sentence is vacated, and the case is remanded for resentencing. In all other respects, the judgment of the trial court is affirmed.
As this court did in Claybourne, supra, we certify the following question to the supreme court as a question of great public importance:
WHETHER THE CHAPTER 89-280 AMENDMENTS TO SECTION 775.084, FLORIDA STATUTES (SUPP. 1988), WERE UNCONSTITUTIONAL PRIOR TO THEIR RE-ENACTMENT AS PART OF THE FLORIDA STATUTES, BECAUSE THEY WERE IN VIOLATION OF THE SINGLE-SUBJECT RULE OF THE FLORIDA CONSTITUTION?
ZEHMER, WOLF and KAHN, JJ., concur.