HOBSON, Judge.
This is an appeal from a final summary decree. The appellee, plaintiff below, filed its complaint alleging that Chapter 63-1513, Special Acts of Florida, 1963, was unconstitutional and prayed that the appellants-defendants, the City of Lake Wales and its duly elected commissioners be enjoined and restrained from levying ad valorem taxes against the property of the plaintiff on an ad valorem basis. Thereupon the defendants filed their motions to dismiss and to strike after which the plaintiff filed its motion for summary decree. Upon a proper hearing on plaintiff’s motion for summary decree and defendants’ motion to dismiss and to strike the lower court entered its final summary decree appealed herein denying the motions to dismiss and to strike of the defendants and ordering the defendants permanently enjoined and restrained from assessing, levying or collecting any tax or taxes against the property described as Area 1 in Chapter 63-1513, Special Acts of Florida, 1963.
Chapter 63-1513, Special Acts of Florida, 1963, is an act extending the corporate limits of the City of Lake Wales to include two areas known as Area 1 and Area 2 and described in said act. No notice of intention to apply for said local law was published as provided under § 21, Art. Ill, of the Constitution of Florida, F.S.A, However, the special act did provide for a referendum prior to the act becoming effective, such proviso reading:
“Section 7. This Act shall not take effect as to said Area 1 or Area 2 unless the annexation of such area or areas has been approved by a majority of the combined qualified electors of the City of Lake Wales, Florida, and the qualified electors residing in said Area 1 and Area 2 herein described, voting in an election to be called and held for that purpose. The City of Lake Wales shall provide for the registration of those electors residing in the areas to be annexed. Said registration shall be held during a full month prior to the date of the election. The ballot to be submitted shall read: VOTE ON BOTH QUESTIONS! If you fail to vote on Question 1 your vote on question 2 will not be counted!
Question 1.
□ For annexation
□ Against annexation
Question 2.
□ For annexation of Areas 1 and 2
□ For annexation of Area 1 only
“The results on Question 2 shall be effective and binding only in the event a majority of those voting at the election *455 shall cast their votes (for annexation) on Question 1.
“The results of the election shall be certified by the City of Lake Wales to the Secretary of State.”
The appellee, being a large property owner located in Area 2 which would be affected by the said act, contended in the court below that Section 7 of the act quoted above does not meet the requirements of § 21, Art. Ill, Constitution of Florida, which provides as follows:
“ * * * Provided, however, no publication of any such law shall be required hereunder when such law contains a provision to the effect that the same shall not become operative or effective until ratified or approved at a referendum election to be called and held in the territory affected in accordance with a provision therefor contained in such bill, or provided by general law.”
The final summary decree appealed provides in part as follows:
“The constitutionality vel non of Chapter 63-1513 was argued at some length by counsel. However, the Supreme Court of Florida has consistently and for many years held that the Courts should refrain from passing on the constitutionality or validity of legislative acts if the cause may be properly disposed of without such a determination.
“This Court specifically refrains from passing on the validity of Chapter 63-1513 and determines this cause on the insufficiency of the vote to annex area 2.
“There is no dispute as to the language of Section 7 of said act, i. e.
‘This act shall not take effect as to * * * area 2 unless the annexation of such area * * * has been approved by a majority of the combined qualified electors of the City of Lake Wales and the qualified electors residing in said area 1 and 2 herein described, voting in an election to be called and held for that purpose
“Further, it is without dispute that the ballot submitted read as hereinafter set out and that the votes cast on each question are as herein represented: to-wit,
VOTE ON BOTH QUESTIONS!
If you fail to vote on Question 1 your vote on Question 2 will not be counted !
Question 1.
17851 For annexation
[ 5521 Against annexation
Question 2.
14711 For annexation of Areas 1 and 2,
13131 For annexation of Area 1 only.
“From the above it is clear that 1,337 designated electors voted in the election. It is equally pellucid that only 471 of said electors voted to annex area 2 which is not a majority as required by the aforesaid act.
“It may be significant to note that 784 of said electors, a clear majority of those voting, desired to annex area 1. Nevertheless, the Court emphasizes that the only question herein determined is that the vote for annexation of area 2 was in the negative. * * * ”
In effect, the lower court held that even though the constitutionality of Chapter 63-1513 was attacked and “argued at some length,” it did not pass upon the validity of said act. This cause was argued and originally briefed without any question of the constitutionality of said act being raised. After oral argument this court directed briefs to be filed on the constitutionality of the act. In the supplemental briefs the parties question the jurisdiction of this court to rule on the validity of the act. We feel that the District Courts of Appeal *456 in this state under the circumstances in this case have jurisdiction to initially determine the validity of an act and we adopt the reasoning set forth by Mr. Justice O’Connell in his special concurring opinion in the case of In Re Kionka’s Estate, Fla. 1960, 121 So.2d 644, wherein on page 646 It is stated as follows:
“At first glance there would seem to be little opportunity for the district courts to determine the validity of statutes or construe the constitution for the first time in a cause, but study of the matter reveals at least three circumstances in which it might be called upon to do so.”
ijí J¡í íjí íjí
“The second circumstance which could occur would be one in which a litigant in the trial court raises the validity of a statute or urges a particular construction •of a constitutional provision which controls the decision in the cause, but the trial court does not in its final judgment or decree directly pass upon the validity of the statute, or undertake to set forth a construction of the constitutional provision. The judgment or decree is appealed to a district court of appeal, which court concludes that it is necessary to a decision in the cause to determine the validity of the statute or construe the constitutional provision. It is not unusual that a trial court will decide a case on a theory which in the view of the trial judge makes it unnecessary to pass upon the validity of a statute, or that the trial judge will by a mental process construe and apply a constitutional provision without setting forth such construction in his judgment or decree, only to have an appellate court determine that it is necessary to decide the validity of the statute, or to construe the constitutional provision. This will happen most frequently in those cases where the appellate court reverses the trial court and is required to assign its reasons therefor. In such cases the appellate court could no doubt remand the cause to the trial court for a written construction of the constitutional provision or determina-! tion of the validity of the statute, but it need not do so and could decide the question without remand. If it does the latter an appeal would lie to this court.”
We think the case now before us falls into the category delineated and discussed in the foregoing paragraph.
Turning now to the validity of Chapter 63-1513, we hold that said act is unconstitutional for the reason that it does not meet the requirements of § 21, Art. Ill, Constitution of Florida.
Section 21, Article III, provides that when no notice of intention to apply for a local act has been published in the prescribed manner no such local law shall be passed unless “such law contains a provision to the effect that the same shall not become operative or effective until ratified or approved at a referendum election to be called and held in the territory affected in cordance with a provision therefor contained in such bill, or provided by general law.”
Upon the reading of Section 7 of the act in question which is the provision contained therein to meet the requirements of the above-quoted portion of § 21, Art. Ill, Constitution of Florida, we find that it is defective and does not meet such con-! stitutional requirement in several respects.. It does not provide who is to call the election, how such election shall be called, or any time limits within which such election should be held.
It is argued that the local act, because it provides for the City of Lake Wales to register those electors residing in the areas to be annexed and the City shall certify the results of the election to the Secretary of State, by inference designates that the City of Lake Wales shall call the election. We do not feel that inferences which may be drawn from a local act fulfill the requirement of § 21, Art. Ill, Constitution of Florida, that the local act shall: *457 contain a provision for the calling and holding of a referendum election.
In our opinion the act in question is completely devoid of any provision as to how or who is to call and hold the election. If it is to he assumed that the City of Lake Wales is to call and hold the election and there being no provision in the act as to any time or time limits for the election to be held, the City under such an act might never hold an election thereon. We have not been cited, nor has our independent research revealed, any special act of the Florida Legislature containing a referendum provision as provided by § 21, Art. Ill, Constitution of the State of Florida, which has not designated either the exact date of the election or a time period within which it should be held. It should be noted that we are not here confronted with a city charter which provides for the power and procedure by which the city may annex contiguous territory nor with an act amending a city charter to provide for the power and procedures of annexation. We are here faced solely with a special act which attempts to become a law by referendum election as provided in § 21, Art. Ill, of our Constitution. We have considered and studied all of the cases set forth in the briefs of the respective parties and conducted our independent research and find that the question squarely presented in this case has never to our knowledge been ruled upon by any of the appellate courts of Florida.
There being no provision by general law as to how and when a referendum election as provided for in the act in question shall be called and held, the mandates of our Constitution as set forth in § 21, Art. Ill, must of necessity be followed.
Further, § 21, Art. Ill, of our Constitution provides that a referendum election shall “be called and held in the territory affected.” (emphasis supplied) The ballot to be submitted to the qualified electors under Chapter 63-1513 makes it possible for a qualified elector residing in Area 2 to vote for the annexation of Area 1 whereby the only territory affected would: be the City of Lake Wales and Area 1.. This is violative of the constitutional man-' date of § 21, Art. Ill, requiring the election to be called and held in the territory affected.
We therefore hold that for the reasons stated above Chapter 63-1513 Special Acts of Florida, 1963, does not meet the requirements of § 21, Art. Ill, Constitution of Florida, and is therefore invalid.
Having held said act invalid, the other questions presented on appeal become moot.
LILES, Acting C. J., concurs.
LANE, A. H., Associate Judge, concurs in part and dissents in part with opinion.