JOHNSON, Judge.
This is an appeal from an Order granting a peremptory writ of mandamus in favor of the appellee and against the appellant.
The question involved here, plainly stated, is whether or not a beverage license issued for a location within a city pursuant to a population figure based upon an unconstitutional annexation statute and which, except for the annexation would, exceed the legally authorized licenses for such city, should be cancelled or not.
It appears that the licensee, Browning, was the holder of a beverage license in Polk County, Florida, located outside of the city limits of the City of Lake Wales, prior to a purported annexation, but within one of the areas purported to be annexed under a referendum election pursuant to' Chapter 63-1513, Special Acts of Florida, 1963. After the election results were certified by the City of Lake Wales to the Secretary of State, certifying approval of the annexation, Mr. Browning applied for and was granted permission to change the location of his licensed place of business to a location within the area of the city as it existed prior to the annexation, and City, State and County licenses issued therefor.
We do not have any evidence before us on the question, but the appellee states in his brief, and it is not denied by appellant in reply, that at the time permission was granted by the appellant for the license holder Browning to relocate his license, the validity of the Annexation Act was then the subject of litigation. We point this fact out only for the purpose of probably rendering less harsh the court’s order requiring the cancellation of the beverage licenses.
The Circuit Court entered its Memorandum decision in which it dealt at length with the factual situation and in addition thereto particularly pointed out that the District Court of Appeal, Second District of Florida, had rendered its opinion, now published in 191 So.2d 453,[1] wherein said court had held the Annexation Act, supra, to be unconstitutional and invalid. The lower court then held that in view of such determination by the Second District Court which had not been superseded or reversed, that any acts done or rights accrued thereunder were to be regarded as if the statute had never been enacted. The trial court thereupon entered its peremptory writ requiring the county and city authorities to cancel and revoke the subject licenses “ * * * insofar as the same pertains to doing the business therein licensed within the corporate limits of the City of Lake Wales, Florida. * * * ” We deem it appropriate to point out that the language adopted by the trial court to effect its purpose correctly does not go so far as to revoke or cancel the subject licensee’s right to a license insofar as the same pertains to the lawful sale of alcoholic beverages in the unincorporated areas of the county. We find it necessary to concur in this *41 holding, under the authority of State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 So. 739, 37 A.L.R. 1298.
We have examined the Special Act in question with the view of trying to determine if this Court could determine that there were sufficient facts to confer de facto jurisdiction and authority on the City of Lake Wales to issue the license in question, but the Special Act is so defective in substance and form, coupled with the fact that the license holder and appellant knew or had reason to know that the validity of the Act and the election were under attack at the time of the relocation, we are compelled to agree with the lower court and therefore do Affirm the Order appealed from.
WIGGINTON, Chief Judge, and SPEC-TOR, J., concur.

. City of Lake Wales v. Florida Citrus Canners Coop., 191 So.2d 453.