603 So.2d 24 (1992)
Emanuel PRIDE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2356.
District Court of Appeal of Florida, First District.
July 15, 1992.
*25 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, John R. Dixon, Certified Legal Intern, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
In this direct criminal appeal, appellant seeks review of his sentences for the offenses of attempted second-degree murder with a firearm and shooting into a building, claiming that the evidence introduced at his sentencing hearing was legally insufficient to support the trial court's finding that he qualified as an habitual felony offender. Although the state concedes the validity of appellant's argument on the merits, it takes the position that appellant may not raise that argument for the first time on this appeal. We disagree with the state and, therefore, reverse.
The information charged appellant with two counts of attempted first-degree murder with a firearm, and one count of shooting into a building. All three offenses were alleged to have occurred on September 9, 1990.
On March 15, 1991, appellant and the state executed a written plea agreement, pursuant to which appellant agreed to plead no contest to two counts of attempted second-degree murder with a firearm and one count of shooting into a building. The agreement reflected that the state would have the right to request that the trial court classify appellant as an habitual felony offender. However, the state agreed that, regardless of whether the trial court classified appellant as an habitual felony offender, it would not request a sentence greater than thirty years in prison, with a 3-year mandatory minimum period of incarceration.
At the hearing held to determine whether appellant qualified as an habitual felony offender, the state offered into evidence properly authenticated copies of a 1990 Florida judgment adjudicating appellant guilty of aggravated battery, and of documents establishing that appellant had been convicted of the felony of carrying a concealed weapon in Michigan in 1988. The trial court found that appellant qualified as an habitual felony offender, pursuant to Section 775.084(1)(a), Florida Statutes (1989). Accordingly, the trial court adjudicated appellant guilty of the three offenses to which he had entered no-contest pleas; and sentenced appellant on each count, as an habitual felony offender, to thirty years in prison, the three sentences to run concurrent with each other, subject to a 3-year mandatory minimum period of incarceration.
In Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), a case decided after appellant had been sentenced, this court held that Chapter 89-280, Laws of Florida, was unconstitutional, because it violated the single-subject rule contained in Article III, Section 6, of the Florida Constitution. The relevancy of that holding to the present appeal is that Section 1 of Chapter 89-280 substantially amended Section 775.084, effective October 1, 1989. In particular, it amended subsection (1)(a)1., which had required that a defendant have had at least two prior felony convictions in Florida to qualify as an habitual felony offender. The amendment broadened considerably the category of prior convictions which could be considered in determining whether a defendant qualified as an habitual felony offender. It provided that previous convictions "of any combination of two or more felonies in this state or other qualified offenses" would constitute a sufficient predicate. It defined "qualified offense" as any offense which was a violation of the law of any other jurisdiction, domestic or foreign; which, at the time it was committed, was punishable under the law of the jurisdiction in which it was committed by death or imprisonment for more than one year; and which was "substantially similar in elements and penalties to an offense in this state."
One consequence of the Johnson decision is that a defendant being sentenced for offenses committed prior to May 2, 1991 *26 (the effective date of Chapter 91-44, Laws of Florida, which reenacted the 1989 amendments as a part of the Florida Statutes), cannot qualify as an habitual felony offender unless he or she had previously been convicted of two or more felonies in Florida. The offenses for which appellant was sentenced were all committed prior to May 2, 1991. Therefore, the state correctly concedes that, because evidence of only one prior felony conviction in Florida was presented to the trial court, on the merits, appellant should not have been sentenced as an habitual felony offender.
However, the state points out, correctly, that appellant did not raise the argument he now makes in the trial court. The state argues that a violation of the single-subject rule is not a fundamental error. Therefore, the state argues, such an issue may not be raised for the first time on appeal. This court has recently squarely addressed the state's argument and rejected it, concluding that a violation of the single-subject rule is a fundamental error in a case such as this, which may be raised for the first time on appeal. Claybourne v. State, 600 So.2d 516 (Fla. 1st DCA 1992).
Based upon the foregoing discussion, we vacate appellant's sentence; and we remand to the trial court for resentencing consistent with this opinion. However, as we did in Johnson and Claybourne, we certify to the Supreme Court the following question, as one of great public importance:
WHETHER THE CHAPTER 89-280 AMENDMENTS TO SECTION 775.084, FLORIDA STATUTES (SUPP. 1988), WERE UNCONSTITUTIONAL PRIOR TO THEIR REENACTMENT AS PART OF THE FLORIDA STATUTES, BECAUSE IN VIOLATION OF THE SINGLE-SUBJECT RULE OF THE FLORIDA CONSTITUTION.
VACATED and REMANDED, with directions.
BOOTH, WIGGINTON and WEBSTER, JJ., concur.