JOANOS, Chief Judge.
Appellant, Brady Allen Lowe, seeks reversal of his ten-year sentence as an habitual felony offender. As grounds therefor, appellant contends that he committed the offense for which sentence was imposed during the period of questioned validity of the habitual offender statute, and he does not qualify for habitual offender sentencing under the pre-amended version of the statute. We reverse.
The offense at issue in this case was committed on October 25, 1990. At sentencing on May 12, 1992, the state introduced documents indicating that appellant had prior felony convictions in Texas— 1977,' Oklahoma — 1977, Colorado — 1985, and Missouri — 1988. Based on the out-of-state convictions, the trial court found that appellant met the criteria to be sentenced as an habitual felony offender. In accordance with that finding, the trial court adjudicated appellant guilty, imposed a ten-year sentence as an habitual felony offender, and ordered restitution, with the amount to be determined at a subsequent restitution hearing.
In Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), review fending, No. 79,150, this court concluded that Chapter 89-280, Laws of Florida, amending section 775.084, violated the single-subject rule of the Florida Constitution, which constitutional infirmity was rectified when the act was reenacted as a part of the Florida Statutes. See State v. Combs, 388 So.2d 1029 (Fla.1980); Johnson, 589 So.2d at 1371. The time period of the questioned *626 constitutionality of the habitual offender statute runs from October 1, 1989, until July 1, 1991. See Ch. 89-280, § 12, Laws of Fla.; Ch. 91-44, Laws of Fla.; Art. Ill, § 9, Fla. Const. An individual sentenced as an habitual felon for an offense committed during the period of questioned constitutionality of the habitual offender statute is entitled to raise the propriety of an habitual offender sentence for the first time on appeal. Claybourne v. State, 600 So.2d 516, 517 (Fla. 1st DCA 1992). See also Pride v. State, 603 So.2d 24, 26 (Fla. 1st DCA 1992); Randall v. State, 601 So.2d 644, 645 (Fla. 1st DCA 1992).
The amended version of the statute broadened the category of prior convictions which could be considered as qualifying offenses, and provided that any combination of two or more felonies in this state or other qualified offenses would constitute a sufficient predicate. Under the pre-amend-ed version of the statute, one could not be sentenced as an habitual felon without at least two prior felony convictions in this state. Pride, 603 So.2d at 26. Those persons who qualify for habitual offender sentencing under either the pre-amended or amended statute may not challenge the constitutionality of Chapter 89-280. Tims v. State, 592 So.2d 741 (Fla. 1st DCA 1992); McNeil v. State, 588 So.2d 303 (Fla. 1st DCA 1991); King v. State, 585 So.2d 1199 (Fla. 1st DCA 1991).
Until the conviction which is the subject of this appeal, appellant in this case had no prior felony convictions in this state. Rather, the state submitted only out-of-state convictions in support of its request to have appellant classified and sentenced as an habitual felon. In these circumstances, the habitual offender sentence must be reversed and remanded for resentencing, and indeed, the state agrees as much.
Accordingly, the habitual felony offender sentence imposed herein is reversed and remanded for resentencing. However, we certify the question previously certified in Johnson:
WHETHER THE CHAPTER 89-280 AMENDMENTS TO SECTION 775.084, FLORIDA STATUTES (SUPP.1988), WERE UNCONSTITUTIONAL PRIOR TO THEIR RE-ENACTMENT AS PART OF THE FLORIDA STATUTES, BECAUSE THEY WERE IN VIOLATION OF THE SINGLE-SUBJECT RULE OF THE FLORIDA CONSTITUTION?
WIGGINTON and WOLF, JJ., concur.