616 So.2d 65 (1993)
Herman Winford DONAHUE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2313.
District Court of Appeal of Florida, First District.
March 4, 1993.
Rehearing Denied March 31, 1993.
Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Charles T. Faircloth, Jr., Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant raises a number of issues on appeal, only one of which has merit. Appellant contends that based on Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), affirmed, State v. Johnson, 616 So.2d 1 (Fla. 1993), the trial court erred in finding appellant an habitual violent felony offender, in part, due to his January 16, 1990 conviction and sentence for aggravated battery.
We find merit in appellant's argument and remand the cause for the trial court to determine if an habitual violent felony offender sentence is still appropriate absent the prior aggravated battery conviction. Chapter 89-280, Laws of Florida, amended section 775.084, the habitual offender provision, and made aggravated battery an offense which may be utilized in determining habitual offender status. In State v. Johnson, the Florida Supreme Court held that chapter 89-280 violated the one-subject rule of the Florida Constitution. Therefore a sentence as an habitual offender based on upon the 1989 amendments for a crime which was committed within the period of October 1, 1989, the effective date of the 1989 amendments to the habitual offender statute, to May 2, 1991, the date of the reenactment of the statute, is illegal. Appellant's aggravated battery conviction falls within that time frame and therefore may not be used in determining appellant's habitual offender status.
The state argues that this issue was not properly preserved for appeal. This argument was rejected in Claybourne v. State, 600 So.2d 516 (Fla. 1st DCA 1992), approved, State v. Claybourne, 616 So.2d 5 (Fla. 1993), and Randall v. State, 601 So.2d 644 (Fla. 1st DCA 1992).
Appellant's habitual violent felony offender sentence is vacated, and the case is remanded for resentencing. In all other respects, the judgment of the trial court is affirmed.
BOOTH, KAHN and MICKLE, JJ., concur.