BLUE, Judge.
Charles Alexander appeals his habitual offender sentence imposed following a violation of community control. He correctly contends that his sentence should be reversed because it falls within the parameters of the holding of State v. Johnson, 616 So.2d 1 (Fla.1993).
In Johnson, the Florida Supreme Court held that the 1989 amendments to section 775.084 violate the single subject rule. The decision requires the resentencing of defendants who were sentenced as habitual offenders under section 775.084, as amended by chapter 89-820, for crimes committed during the period of October 1, 1989 to May 2, 1991, and were affected by the amendments contained in chapter 89-820. Alexander’s criminal offenses occurred on June 8, 1990.
A defendant being sentenced for offenses committed prior to May 2, 1991 (the effective date of Chapter 91-44, Laws of Florida, which reenacted the 1989 amendments as a part of the Florida Statutes) cannot qualify as a habitual felony offender unless he or she had previously been convicted of two or more felonies in Florida. Pride v. State, 603 So.2d 24 (Fla. 1st DCA 1992). In sentencing Alexander as a habitual offender, the trial judge relied on two prior felonies from outside the State of Florida. Alexander clearly falls under Johnson and is entitled to a new sentencing hearing.
Accordingly, we reverse Alexander’s sentence and remand for resentencing. Upon remand, the state will have the opportunity to prove that Alexander meets the requirements of the statute. See Frazier v. State, 595 So.2d 131 (Fla. 2d DCA 1992).
RYDER, A.C.J., and PARKER, J., concur.