PER CURIAM.
Michael Edward Goggins appeals the summary denial of his motion to correct an illegal sentence. We find merit in Goggins’ argument, vacate the habitual violent offender sentence and remand for resentencing.
Goggins was arrested on December 17, 1989, for first degree murder; allegedly the date the offense was committed. He was tried and convicted of second degree murder. On August 30, 1991, Goggins was sentenced as a habitual violent felony offender. The court reconsidered the term imposed and resentenced Goggins on September 6, 1991.
In his motion, Goggins alleges that his sentence is illegal because the offense was committed during the October 1, 1989 to May 2,1991 “window period” when the habitual offender statute was unconstitutional. See Johnson v. State, 616 So.2d 1 (Fla.1993). The trial court denied the motion based upon the fact that the imposition of sentence and resentencing occurred outside the applicable “window period” and, therefore, Goggins’ sentence was unaffected by the unconstitutional statutory amendment.
The trial court’s ruling is incorrect. The relevant time period in this matter is the date the offense was committed. See Johnson, 616 So.2d at 3-4. The offense for which sentence was imposed occurred during the time period when the unconstitutional statute was in effect and Goggins has properly questioned the legality of the sentence. See Freeman v. State, 616 So.2d 155 (Fla. 1st DCA 1993); Miffin v. State, 615 So.2d 745 (Fla. 2d DCA 1993).
The inquiry does not stop at this juncture. Resentencing is required only when a defendant is affected by the amendments to section 775.084, Florida Statutes (1991) contained in chapter 89-280, Laws of Florida. Johnson, 616 So.2d at 4.
Goggins’ habitual violent felony offender status is based upon a prior aggravated battery conviction. He claims that without this predicate offense he would not be eligible for such classification. The trial court does not refute these allegations in its order denying the motion.
Clearly, Goggins’ sentence is affected by the unconstitutional statutory amendment. His classification as a violent felony offender *591 is based on the unconstitutional amendment’s addition of the offense of aggravated battery to those prior offenses which qualify a defendant for violent offender status. Resentencing is required. See Johnson; Gayman v. State, 616 So.2d 17, 19 (Fla.1993); Donahue v. State, 616 So.2d 65 (Fla. 1st DCA 1993); Lowe v. State, 612 So.2d 625 (Fla. 1st DCA 1993).
Goggins’ habitual violent felony offender sentence is vacated, and the case is remanded for resentencing in accordance with Johnson. In all other respects, the judgment of the trial court is affirmed.
RYDER, A.C.J., and DANAHY and ALTENBERND, JJ., concur.