PER CURIAM.
James Lee Brock challenges his judgments and sentences for attempted murder in the first-degree (count one), attempted robbery with a firearm (count two), unarmed robbery (counts three and four), and attempted murder of a law enforcement officer (count five). We conclude that the evidence was more than sufficient to sustain the jury’s verdicts of guilt and affirm his .convictions. We determine, however, that Brock’s habitual violent felony offender sentences imposed in counts one through four must be reversed and those counts remanded for resentenc-ing.[1]
Brock committed these offenses on February 4, 1991, which was during the “window period” when the habitual offender statute was deemed to be unconstitutional by the Florida Supreme Court in State v. Johnson, 616 So.2d 1 (Fla.1993). Under Johnson, however, “[r]esentencing is required only when a defendant is affected by the amendments to section 775.084, Florida Statutes (1991) contained in chapter 89-280, Laws of Florida.” Goggins v. State, 623 So.2d 590 (Fla. 2d DCA 1993).
In this case, the trial court used Brock’s prior convictions for grand theft and aggravated battery as the predicate offenses to support the imposition of habitual violent felony offender sentences. Thus, “[h]is classification as a violent felony offender [was] based on the unconstitutional amendment’s addition of the offense of aggravated battery to those prior offenses which qualify a defendant for violent offender status.” Goggins, 623 So.2d at 591-592. Accordingly, resentencing is required. On remand, however, the state shall have the opportunity to establish that Brock otherwise meets the requirements of the statute. Foster v. State, 624 So.2d 386 (Fla. 2d DCA 1993).
Affirmed in part, reversed in part, and remanded for resentencing.
FRANK, C.J., and PARKER and LAZZARA, JJ., concur.

. As to count five, the trial court was correct in sentencing Brock to life in prison with the requirement that he serve no less than twenty-five years before becoming eligible for parole. §§ 784.07(3); 775.0825, Fla.Stat. (1991).