673 So.2d 964 (1996)
Reinhardt Alexander STUBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-338.
District Court of Appeal of Florida, First District.
May 23, 1996.
Nancy A. Daniels, Public Defender and Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General and Richard Parker, Assistant Attorney General, Tallahassee, for Appellee.

GENERAL DIVISION EN BANC
JOANOS, Judge.
Reinhardt Stubbs appeals his conviction of the offense of armed robbery and his fifteen-year sentence as an habitual violent felony offender. The issues presented are: (1) whether improper prosecutorial comment deprived appellant of a fundamentally fair trial; and (2) whether appellant's sentence as an habitual violent felony offender is invalid, because the predicate aggravated battery conviction fell within the time period when the offense constituted an unconstitutional basis for determining habitual offender status. We affirm.
Appellant was charged with committing an armed robbery of the fast-food service establishment *965 at which he was employed. The charged offense occurred July 13, 1994. On August 3, 1994, the state filed notice of its intention to have appellant classified and sentenced as an habitual violent felony offender. The notice stated that the state would rely upon appellant's April 11, 1990, conviction and sentence for aggravated battery.
Following trial, the jury returned a verdict of guilty of the lesser included offense of robbery with a weapon. The trial court imposed a mandatory fifteen-year sentence as an habitual violent felony offender, predicated in part on appellant's April 11, 1990, conviction for aggravated battery.
As his first issue, appellant complains of a number of improper prosecutorial comments during closing argument. Since appellant properly concedes that no objections were raised at any point to the prosecutorial improprieties, we must determine whether the comments were so prejudicial as to constitute fundamental error. Street v. State, 636 So.2d 1297, 1303 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 743, 130 L.Ed.2d 644 (1995); Jones v. Wainwright, 473 So.2d 1244, 1245 (Fla.1985); Pacifico v. State, 642 So.2d 1178, 1182 (Fla. 1st DCA 1994). The standard is whether the errors committed were so prejudicial as to vitiate the entire trial. State v. Murray, 443 So.2d 955, 956 (Fla.1984); Pacifico, 642 So.2d at 1184.
We do not condone the improper comments made by the prosecutor in this case. Nevertheless, we conclude under the circumstances of this case, the evidence presented, and the context in which they were made, the comments were not so egregious or inflammatory as to impair the jury's ability to decide the case on the evidence presented. Therefore, we conclude a new trial is not warranted.
The second issue concerns appellant's sentence as an habitual violent felony offender. The 1989 amendments to section 775.084, Florida Statutes, the habitual offender statute, included aggravated battery as a qualifying offense within the definition of habitual violent felony offender. Ch. 89-280, § 1, Laws of Fla. Subsequently, the supreme court held that Chapter 89-280 violated the single subject rule of the Florida Constitution. State v. Johnson, 616 So.2d 1 (Fla.1993).
After the Johnson opinion was released, a different panel of this court concluded that trial courts were not authorized to impose habitual offender sentences based upon the 1989 amendments when imposing sentence for crimes committed after the invalid "window period," if the predicate prior convicted offense was committed during the "window period." See Donahue v. State, 616 So.2d 65 (Fla. 1st DCA 1993). The Donahue panel vacated an habitual violent felony offender sentence based upon a January 1990 conviction for aggravated battery, and remanded the cause for a determination whether Donahue qualified for habitual violent felony offender sentencing without the January 1990 aggravated battery conviction.
We disagree with the rationale applied in Donahue. Here, as in Donahue, the state sought habitual violent felony offender classification based upon an April 1990 conviction for the offense of aggravated battery. The statute was amended to include aggravated battery as a valid qualifying offense for classification as an habitual violent felon before appellant committed the robbery for which he was being sentenced. See Perkins v. State, 583 So.2d 1103, 1105 (Fla. 1st DCA 1991), approved, 616 So.2d 9 (Fla.1993). We believe the Johnson ruling is concerned only with offenses committed during the single subject "window period" for which sentence is to be pronounced, not with prior offenses which led to the defendant's classification as an habitual felon.
Accordingly, we recede from this court's decision in Donahue, and affirm appellant's conviction and sentence in all respects.
ERVIN, BOOTH, MINER, WOLF, WEBSTER, MICKLE, LAWRENCE, BENTON and VAN NORTWICK, JJ., concur.