PARKER, Chief Judge.
Willie Lee Rose appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800. Rose raises four grounds for relief in his motion, only one of which has merit. We *381 affirm the first three issues without discussion; however, we reverse and remand this case to the trial court to determine if Rose is entitled to a new sentencing hearing pursuant to State v. Johnson, 616 So.2d 1 (Fla.1993).
Rose alleges that his crimes occurred on September 1, 1990, and that one of the underlying crimes used by the trial court to impose the habitual offender sentence was aggravated battery. Rose alleges that the date of the crimes and the underlying crime used to enhance his sentence place him squarely within the supreme court’s holding in Johnson, and therefore his sentences violate the single subject requirement of article III, section 6, of the Florida Constitution and require a new sentencing hearing. The State agrees that Rose is entitled to a new sentencing hearing pursuant to Johnson.
We affirm the trial court on the first three issues raised in Rose’s motion. However, based upon the trial court’s failure to address the Johnson issue in its order and the state’s conclusion that Rose is entitled to a new sentencing hearing, we reverse and remand this case to the trial court to determine whether the date of Rose’s crimes and Rose’s underlying felony convictions permit the imposition of a habitual felony offender sentence. If the trial court determines that Johnson does apply, Rose is entitled to a new sentencing hearing.
PATTERSON and WHATLEY, JJ., concur.