PER CURIAM.
Willie Lee Rose challenges the trial court’s determination that he is entitled to no relief on remand from this court’s decision in Rose v. State, 698 So.2d 380 (Fla. 2d DCA 1997). There, we reversed the trial court’s order denying Rose’s motion for postconviction relief and remanded with directions to the trial court to determine if his habitual offender sentence required vacation under the dictates of State v. Johnson, 616 So.2d 1 (Fla.1993).[1] On remand, the trial court correctly concluded that relief is afforded under Johnson only to those habitual offenders whose sentences were imposed pursuant to section 775.084(1)(b)1, Florida Statutes (1989), pertaining to habitual violent felony offenders. See Brock v. State, 645 So.2d 1022 (Fla. 2d DCA 1994); Foster v. State, 624 So.2d 386 (Fla. 2d DCA 1993).
*959 The transcript of the sentencing proceeding appended to the order under review, as well as the judgment and sentencing documents appended to the order which was the subject of Rose, 698 So.2d 380, confirm that Rose has been sentenced as a habitual felony offender and not as a habitual violent felony offender. Accordingly, the order of the trial court denying Rose’s motion is affirmed.
BLUE, A.C.J., and FULMER and QUINCE, JJ., concur.

. We cautiously remanded for reconsideration of the issue by the trial court and expressly declined to determine that the habitual offender sentence required vacation based upon the concession by the State that the sentence had been illegally imposed pursuant to the holding of State v. Johnson, 616 So.2d 1 (Fla.1993). On remand the trial court properly rejected this confession of error as well in denying Rose's request for relief.