PER CURIAM.
Wiley Laboo appeals his convictions for workers’ compensation fraud, grand theft and perjury. Because the three issues he raises were not preserved for appeal and do not constitute fundamental error, we affirm.
Appellant complains of a number of improper prosecutorial comments made during closing argument in rebuttal to defense counsel’s initial closing argument. He concedes that no objections to these comments were raised below, but he asserts that the comments constitute fundamental error. Reversal is not warranted unless “the error committed was so prejudicial as to vitiate the entire trial.” See, e.g., Street v. State, 636 So.2d 1297 (Fla.1994); Pacifico v. State, 642 So.2d 1178 (Fla. 1st DCA 1994). When viewed in the context of all the evidence presented and the initial arguments by defense counsel, we conclude that any comments by the prosecutor which may not have been proper were not so egregious as to have impaired the ability of the jurors to decide the ease based on the evidence. See Stubbs v. State, 673 So.2d 964 (Fla. 1st DCA 1996) (general division en banc).
The second issue appears to be one of first impression in Florida: whether conviction for both workers’ compensation fraud under section 440.105[1] and grand theft under section 812.014 is a double jeopardy violation. Again this alleged error was not preserved, but any actual double jeopardy violation based on dual convictions is fundamental error within the meaning of section 924.051(3), and may therefore be raised for the first time on appeal. See Henry v. State, 707 So.2d 370 (Fla. 1st DCA 1998); Austin v. State, 699 So.2d 314 (Fla. 1st DCA 1997)(criminal division en banc). In determining whether a double jeopardy violation has occurred, the first dispositive question is whether the legislature intended to authorize separate punishments for the two crimes. See M.P. v. State, 682 So.2d 79, 81 (Fla.1996).
The plain reading of section 440.105(5) evidences the legislature’s intent to allow a conviction for workers’ compensation fraud and any other applicable crime. Section 440.105(4) proscribes, among other things, any knowingly fraudulent statement made for the purpose of obtaining workers’ compensation benefits, providing that such constitutes a third degree felony, and paragraph (5) provides that “[t]his section shall not be construed to preclude the applicability of any other provision of criminal law that applies or may apply to any transaction.” (Emphasis added.) In rare cases where there is clear legislative authorization of multiple punishments, this court’s task of statutory construction on the issue of double jeopardy ends there, regardless of whether or not the two statutes at issue may fail the Blockburger[2] test. See M.P., supra. For this reason, we hold that appellant’s convictions for both workers’ compensation fraud and grand theft did not violate his constitutional right not to be placed in jeopardy twice.
Appellant’s remaining argument is that it was fundamental error to not allow the jury to decide the issue of materiality. We have held materiality to be an essential element of the crime of perjury. See State v. Ellis, 22 Fla. L. Weekly D1298 (Fla. 1st DCA 1997) (holding section 837.011(3) to be unconstitutional to the extent it describes materiality as a question of law and serves to remove from the jury the issue of materiality), rev. pending, No. 90,729 (Fla. June 6,1997). Under Ellis, the standard instruction given, which directs the judge rather than the jury to decide materiality, was erroneous. How *1036 ever, no objection was made nor was any special instruction requested. Because the record reveals that the issue of materiality was never disputed, the failure to allow the jury to decide this issue did not rise to the level of fundamental error. An objection was required to preserve such an error for appellate review. See State v. Delva, 575 So.2d 643, 645 (Fla.1991). See also Graves v. State, 704 So.2d 147 (Fla. 1st DCA1997).
AFFIRMED.
ALLEN and DAVIS, JJ., and SMITH, LARRY G., Senior Judge, concur.

. This section was created during the 1993 legislative session and became effective on January 1, 1994. See Chapter 93-415, § 12, Laws of Fla.

. Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).