ALTENBERND, Judge,
Concurring.
I agree that our mandate in Golz v. State, 674 So.2d 856 (Fla. 2d DCA 1996) (Golz I) compels this result. I am not convinced, however, that a simple shift from consecutive to concurrent habitual offender sentencing is the only appropriate remedy for a Hale sentencing error. See Hale v. State, 630 So.2d 521 (Fla.1993). If the State had requested rehearing in Golz I, I am inclined to believe *211 that we could have lawfully vacated the consecutive sentence and authorized the trial court to enter any lawful habitual offender sentence on that count. In that event, the trial court could have sentenced Mr. Golz as a habitual offender and imposed a 10-year term of imprisonment on that count.
In Hale, the supreme court held that a trial court could not impose consecutive habitual violent offender sentences for offenses arising out of a single criminal episode. Mr. Hale was convicted of sale and possession of cocaine. Although his scoresheet recommended a sentence no longer than 5)4 years’ imprisonment, he was eligible to receive a sentence of 30 years on each count as a habitual violent felony offender. The trial court imposed two consecutive 25-year terms. The supreme court reversed this sentence and ordered that the two terms of imprisonment be served concurrently. The court did not decide whether one of the sentences could have been vacated and replaced with a 30-year sentence. It is noteworthy that the court compared the length of Mr. Hale’s sentences to the severity of his offenses and addressed the issue of cruel and unusual punishment.
Mr. Golz was convicted of two counts of aggravated assault arising from an altercation with four older people at the Pinellas County Fair. He could have received two concurrent 10-year terms of imprisonment as a habitual offender at his initial sentencing. Instead, the trial court imposed two consecutive 5-year terms. If Mr. Golz had objected to the consecutive sentences at his initial sentencing, it appears very probable that he would have received a lawful 10-year term of imprisonment at that time. Thus, he is receiving a 5-year reprieve in this case because he failed to preserve the issue for appeal. I see no logical reason to reach this result. Cf § 924.051, Fla. Stat. (1997).
In cases involving illegal sentences, appellate courts routinely remand for resentencing without specific instructions regarding the new sentence except that it not be illegal. See, e.g., Goggins v. State, 623 So.2d 590 (Fla. 2d DCA 1993) (resentencing required when defendant received illegal habitual offender sentence due to unconstitutionality of statute). When a trial court unintentionally imposes a departure sentence, we remand for resentencing but permit the trial court to impose a proper departure sentence. See State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989); Davis v. State, 697 So.2d 935 (Fla. 2d DCA 1997). I see no reason why the trial court should not be allowed to resen-tence a habitual offender to lawful concurrent terms so long as North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), is not violated.