PER CURIAM.
Steven Shelton petitions for a writ of habe-as corpus, alleging ineffective assistance of appellate counsel. He asserts that his appellate counsel should have challenged his habitual violent felony offender sentence as being constitutionally infirm. We disagree.
Defendant-appellant committed his current offense on May 21, 1995. He was adjudicated as a habitual violent felony offender on the basis of an aggravated battery conviction of June 21, 1990. Defendant contends that since the aggravated battery conviction fell within the window period of October 1, 1989 to May 2, 1991, during which chapter 89-280 was invalid by reason of a violation of the state constitutional single subject rule, see State v. Johnson, 616 So.2d 1, 2-3 (Fla.1993), it follows that the aggravated battery conviction could not be used as a basis for habitual-izing him on his 1995 conviction. Chapter 89-280 had added the offense of aggravated battery as a basis for imposing habitualization as a habitual violent felony offender. See id.
What is relevant is the validity of the statute on the date of defendant’s current offense in 1995. The single subject violation was cured by reenactment of the habitual offender statute on May 2, 1991, and consequently the single subject violation did not exist thereafter. See id. As the habitual offender statute was entirely valid on the date of defendant’s current offense on May *311 21, 1995, it was permissible to use the 1990 aggravated, battery conviction as the basis for the habitual violent felony offender adjudication. See Stubbs v. State, 673 So.2d 964 (Fla. 1st DCA 1996) (General Division en banc).
Petition denied.